IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

REGINALD R. COLER,        *

   Appellant,            *

v.                        *    CIVIL NO.: WDQ-12-2020

PATTI DRAPER,             *

   Appellee.             *

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Reginald R. Coler appeals the United States Bankruptcy Court's dismissal of his Chapter 13 case. Pending are Coler's motions for leave to file the bankruptcy court's rulings and for a stay pending appeal and Patti Draper's motions to dismiss the appeal and to extend time to file her brief. For the following reasons, Coler's motion to stay and Draper's dismissal motion will be denied. Coler's motion for leave to file the bankruptcy court's rulings will be granted in part and denied as moot in part. Draper's motion to extend time will be granted.

I. Background[1]

In college, Coler was friends with Andrew Burke. ECF No.

---

[1] Coler does not contest the bankruptcy court's findings of fact. See ECF Nos. 4 at 5; 8-1 at 3. He has adopted the facts as described by the bankruptcy court in its denial of his motion for a stay. ECF No. 4 at 7.

5-2 at 1. Burke later married Draper, with whom he had two children. *Id.* The marriage ended in divorce. *Id.* Draper then moved to Massachusetts, where she obtained a judgment against Burke for child support. *Id.*

In 2008, Burke excluded his children from his will and transferred substantially all of his assets to Coler, whom he named as his personal representative. *Id.* at 1-2. Burke then took his own life. *Id.* at 2.

On November 10, 2010, Draper obtained a judgment for $74,206.96 against Coler in Massachusetts. ECF No. 1-7. In April 2011, Draper domesticated the judgment in the Circuit Court for Howard County, Maryland, which then issued a writ of garnishment against Coler's wages. *See* ECF Nos. 1-9; 5-2 at 2. Coler did not contest the circuit court's judgment or garnishment before filing for bankruptcy. ECF No. 5-2 at 2.

On December 29, 2011, Coler filed a voluntary petition for bankruptcy under Chapter 13 of the bankruptcy code. ECF No. 1-3. On February 23, 2012, Draper moved to dismiss the case on the grounds that it was filed in bad faith. ECF No. 1-6. On June 5, 2012, the bankruptcy court took evidence and found that Coler had not contested the state court judgments against him, was current on all his other debts, was able to pay the entirety of Draper's judgment through equity in his real estate, and made no efforts to change his lifestyle to cope with the garnishment.

ECF Nos. 1-19 at 1, 4-5; 5-2 at 5. The court ruled that it would dismiss the case as filed in bad faith. ECF No. 1-19 at 3. On June 13, 2012, it dismissed the case. ECF No. 1-1.

On June 18, 2012, Coler filed a notice of appeal in the bankruptcy court. ECF No. 1-20 at 4 (Bankruptcy Docket No. 58). The next day he designated the items to be included in the record. *Id.* at 3 (Bankruptcy Docket No. 61). Among the items he designated is the transcript[2] of the bankruptcy court's June 5, 2012, oral ruling on the motion to dismiss but not the evidentiary hearing itself. *See* ECF No. 1-19. On July 5, 2012, the bankruptcy court denied Coler's request for a stay pending appeal.[3] ECF No. 5-2.

On July 20, 2012, Coler filed his brief. ECF No. 4. He also moved for leave to file the rulings of the bankruptcy court: the June 5, 2012 ruling transcript and the bankruptcy court's July 5, 2012 order denying the stay. ECF No. 5.

On July 27, 2012, Draper moved to dismiss the appeal claiming that Coler had not followed the proper procedures for designation of the transcript. ECF No. 6. She also moved to continue the deadline to file her brief pending the Court's

---

[2] Draper claims that she paid for the transcript. *See* ECF No. 6 at 3.

[3] Coler did not file or seek approval of a supersedeas bond. ECF No. 5-2 at 2.

3

ruling on the motion to dismiss. ECF No. 7. Coler opposed both motions. ECF Nos. 9; 11.

On July 29, 2012, Coler moved for a stay pending appeal. ECF No. 8. Draper opposed the motion. ECF No. 10.

II. Analysis

    A.   Motion to Complete the Record

Coler asks that the court grant leave to file the rulings of the bankruptcy court. ECF No. 5. He asks to include a transcript of the bankruptcy court's oral ruling at the June 5, 2012 hearing, and the bankruptcy court's July 5, 2012 order denying a stay pending appeal. See ECF Nos. 5-1; 5-2. Draper did not oppose.

Coler asks that the transcript be included because the record as transmitted did not include the transcript despite its designation in the record. ECF No. 5 at 1-2. The record transmitted to this Court included this transcript. See ECF No. 1-19. This request will be denied as moot.

The bankruptcy court's order denying a stay was filed after Coler had filed his designation of the record on appeal. See ECF No. 1-20 at 4. Because there is no opposition and the order could not have been included in the designation, the record will be supplemented with the bankruptcy court's order denying a

stay.[4]  Coler's motion will be granted in part and denied as moot in part.

    B.   Motion to Dismiss the Appeal

Draper asks the Court to dismiss the appeal because Coler has not ordered the transcript of the entire hearing in the bankruptcy court.  ECF No. 6 at 2.  Coler asserts that there are no factual issues in dispute and that the full hearing transcript is not required because neither party has designated it for the record.  ECF No. 11 at 2.

Fed. R. Bankr. P. 8006 states:

> The record on appeal shall include the items so designated by the parties . . . and any opinion, findings of fact, and conclusions of law of the court. . . .  If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written request for the transcript and make satisfactory arrangements for payment of its cost.

Draper relies on *Dawley v. Estate of Harris (In re Dawley)*, No. CA 04-2140, 2005 U.S. Dist. LEXIS 411 (E.D. Pa. Jan. 11, 2005), and *Hornick v. I.R.S.*, 252 B.R. 897 (W.D. Pa. 2000).  In *Dawley*, the appeal was dismissed because the appellant failed to pay for the transcript he had ordered.  *Dawley*, 2005 U.S. Dist. LEXIS 411, at *5.  Similarly, the court in *Hornick* dismissed the appeal because the record was incomplete for purposes of

---

[4] *See Musilli v. Droomers (In re Musilli)*, 398 B.R. 447, 453 (E.D. Mich. 2008) ("A district court is authorized to supplement the record in a bankruptcy appeal.").

reviewing the bankruptcy court's findings of fact as clearly erroneous. *Hornick*, 252 B.R. at 899.

Neither of these cases is helpful. The transcript designated by the parties was timely ordered and paid. *See* ECF No. 6 at 3. Coler does not dispute any of the bankruptcy court's factual findings; he challenges its dismissal on legal grounds. *See* ECF No. 4 at 5. *Dawley* and *Hornick* are inapplicable to this case.

Fed. R. Bankr. P. 8006 implies that the designation of a transcript is not required. Although it may be true, as Draper states, that Coler "must include in the record any part of the Hearing transcript as is necessary to give this Court a fair and final account of what transpired at the hearing regarding the matters that are the basis of the appeal," ECF No. 6 at 4, Coler's challenge of only the bankruptcy court's conclusions of law eliminates the need for the transcript of the evidence presented by the parties. Coler's filings and designations are in accordance with Fed. R. Bankr. P. 8006. Draper's motion will be denied.

C.  Motion to Stay

Coler requests that the Court stay Draper's garnishment while the appeal is pending. ECF No. 8. Draper opposes the motion.[5] ECF No. 10.

In the Fourth Circuit, the standard for a stay pending appeal of a bankruptcy court's decision is that for a preliminary injunction.[6] In *Winter v. Nat'l Res. Def. Counsel*, 555 U.S. 7 (2008), the Supreme Court revisited the standard for preliminary injunctions. Following *Winter*, the Fourth Circuit in *Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct. 2371 (2010), required a movant for a preliminary injunction to show that (1)

---

[5] Draper refers to some court holdings that an abuse of discretion standard applies for review of a bankruptcy court's denial of a stay. ECF No. 10 at 3. The courts that have applied this standard, however, use the normal standard of review for a bankruptcy appeal: facts are reviewed under a clearly erroneous standard, and the law is reviewed de novo. *See Dorchester Towers Assocs., LLC v. Brown (In re Brown)*, No. 07-11022-SSM, 2007 WL 1597809, at *2. As Coler does not challenge the bankruptcy court's factual findings, *see* ECF No. 8-1 at 3, the motion for a stay is reviewed de novo.

[6] *See Cont'l Sec. Corp v. Shenandoah Nursing Home P'ship*, 188 B.R. 205, 208 (W.D. Va. 1995); *see also Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970) (establishing standard); *Culver v. Boozer*, 285 B.R. 163, 166 (D. Md. 2002) (listing factors). The standard in these cases is that the party seeking the stay must show "(1) that he will likely prevail on the merits of the appeal; (2) that he will suffer irreparable injury if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that the public interest will be served by granting the stay." *Culver*, 285 B.R. at 166 (citing *Long*, 432 F.3d at 979).

7

he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest.[7] All four elements must be satisfied. *Real Truth*, 575 F.3d at 347. Although the Fourth Circuit has yet to require this standard for a bankruptcy appeal, the courts of this circuit have applied *Real Truth* to stays pending appeal.[8]

Asserting that he is likely to succeed on the merits, Coler argues that the bankruptcy court incorrectly granted a 11 U.S.C. § 1307(c) dismissal under *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219 (9th Cir. 1999). ECF No. 8-1 at 4.

Section 1307(c) permits dismissal for cause and includes a list of examples. *Leavitt* held that, viewing the totality of the circumstances, bad faith is a cause for dismissal of a Chapter 13 petition with prejudice. *Leavitt*, 171 F.3d at 1224. The Court considers such things as:

> (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his Chapter 13 petition or plan in an

---

[7] *Real Truth*, 575 F.3d at 346 (quoting *Winter*, 555 U.S. at 20); see *WV Ass'n of Club Owners & Fraternal Servs. v. Musgrave*, 553 F.3d 292, 298 (4th Cir. 2009) (reiterating standard).

[8] *E.g., Farkas v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 1:11cv529(LMB/IDD), 2012 WL 966577, at *6 (E.D. Va. March 21, 2012); *In re Bannerman Holdings, LLC*, No 5:10-CV-532-H, 2011 WL 284161, at *1 (E.D.N.C. Jan. 26, 2011) (bankruptcy appeal).

inequitable manner, (2) the debtor's history of filings and dismissals, (3) whether the debtor only intended to defeat state court litigation, (4) whether egregious behavior is present.

*Id.* (internal quotation marks and alterations omitted).[9]

The core of Coler's argument against the application of *Leavitt*[10] is the bankruptcy court's finding that the bankruptcy filing to defeat state court litigation is an insufficient basis

---

[9] *First Capital Bank of Ky. v. Blok*, No. NA4:11-cv-128-RLY-WGH, 2012 WL 1682042, (S.D. Ind. May 14, 2012), gave additional factors for bad faith, concerning not pursuing alternatives to bankruptcy:
> (1) the filing seems intended to dispose of only one or two creditors; (2) the debtor filed in response to a judgment, to pending litigation, or to collection actions; (3) the debtor made no effort to repay debts; (4) the debtor manipulated information on the schedules to obtain a particular result; (5) the debtor failed to make lifestyle adjustments to repay creditors; and (6) the debtor had sufficient resources to pay some or all of the debts.

*Id.* at *4.

[10] Coler does not dispute the validity of the *Leavitt* test, but does dispute the validity of *Blok*. See ECF No. 8-1 at 7-8. Coler argues that *Blok* "did not hold, nor cite authority, for the proposition that a debtor must pursue alternative[s] to bankruptcy." *Id.* at 7. The propositions listed are simply factors, not holdings. See *Blok*, 2012 WL 1682042 at *4. Further, each is derived from specific cases. See *In re Pedigo*, 296 B.R. 485, 488 n.2 (Bankr. S.D. Ind. 2003), *rev'd on other grounds*, *United States v. Pedigo*, 329 B.R. 47 (S.D. Ind. 2005) (collecting cases). Coler's argument that *Blok* is a Chapter 7 case is similarly unpersuasive. See ECF No. 8-1 at 7. 11 U.S.C. § 707(a) governs dismissals of a Chapter 7 case, much like § 1307(c) for Chapter 13. Both sections list examples of cause for dismissal, several of which are the same. *Compare* 11 U.S.C. § 707(a)(1)-(3), *with* 11 U.S.C. § 1307(c)(1)-(2), (11). Both Chapter 7 and Chapter 13 cases may be dismissed for bad faith. See *Leavitt*, 171 F.3d at 1224 (Chapter 13); *Blok*, 2012 WL 1680242, at *3 (collecting Chapter 7 cases).

for the dismissal.[11]  ECF No. 8-1 at 4-6; *see* ECF No. 1-19 at 3-4 (bankruptcy court's ruling).  Coler correctly notes that the bankruptcy court did not use the terms "defeat state court litigation," *see* ECF No. 8-1 at 5, but its rulings make clear that it thought that Coler was attempting to do so.[12]  Rather than using the state courts to contest Draper's judgment, Coler's bankruptcy filing was calculated to defeat that judgment using the bankruptcy procedure.

Two of the other three *Leavitt* factors are also present.[13]  Before he filed for bankruptcy, Coler did nothing to remedy the garnishment: he did not challenge either of the state court judgments, modify his lifestyle, or make any effort to draw on his assets, to satisfy the judgment.  *See* ECF Nos. 1-19 at 4; 5-

---

[11] Coler also asserts that abstention under 11 U.S.C. §§ 305 & 1334 is proper when the basis for dismissal is the state law claims.  *See* ECF No. 8-1 at 5-6.  He cites no authority for the proposition that abstention is the sole method of dismissal when state law claims are involved.  Instead, *Leavitt* contemplates the interplay between the state law claims and the bankruptcy filing with its consideration of "whether the debtor only intended to defeat state court litigation."  *Leavitt*, 171 F.3d at 1224.

[12] *See* ECF Nos. 1-19 at 3 ("This Court does not sit as a court of appeals over decisions of the state courts . . . .  [I]f the debtor wishes to overturn this judgment, or attack its enforcement . . . he needs to take that argument, that claim, that position to the state Courts."); *id.* at 5 ("No effort has been made by the debtor to contest the entry of that judgment."); 5-2 at 5 (Coler filed the case "to litigate a two party dispute.").

[13] There is no evidence that Coler had any previous bankruptcy filings or dismissals.  *See* ECF No. 5-2 at 5.

2 at 5. These show his bankruptcy filing was simply a bad faith attempt to avoid his debts. *See Leavitt*, 171 F.3d at 1224. This behavior also accords with *Blok*. For example, Coler attempted to avoid only one creditor, Draper, and failed to make any lifestyle changes. *See Blok*, 2012 WL 1682042 at *4. The *Leavitt* test is the totality of the circumstances, and Coler has done three of the things favoring dismissal. Coler cannot show that he will likely succeed on the merits.

Further, Coler cannot show irreparable harm. He claims irreparable injury through potential loss of his home through foreclosure. ECF No. 8-1 at 9. There is no evidence of a possible foreclosure. Coler has not made any adjustment to his lifestyle, ECF NO. 5-2 at 5, and he has sufficient equity in his home to pay the entirety of Draper's judgment. ECF No. 1-19 at 4; ECF No. 1-3 at 8, 16. As of the June 5, 2012 hearing, Coler is current on all debts other than the garnishment. ECF No. 5-2 at 5. Accordingly, Coler cannot show irreparable injury from the Court's refusal to issue a stay. His motion will be denied.

    D.   Motion to Continue Deadline

With her motion to dismiss, Draper requests that the Court continue the deadline for her to file her brief until 14 days after the Court rules on the motion to dismiss. ECF No. 7. Coler opposes the motion based on his request for a stay of the

garnishment, arguing that because he is likely to win on appeal, the garnishment should not continue.  ECF No. 9 at 2.

As discussed above, Coler is not likely to win on appeal. Therefore, he is unlikely to suffer additional prejudice from continued garnishment of his wages for the two weeks Draper needs to file her brief.  Draper's motion will be granted.

III. Conclusion

For the reasons stated above, Draper's motion to dismiss and Coler's motion to stay will be denied.  Coler's motion to complete the record will be granted in part and denied as moot in part.  Draper's motion to continue the deadline will be granted.

_____10/23/12_____  
Date

_____  
William D. Quarles, Jr.  
United States District Judge